IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RAYMOND E. CLARK,            )
                             )
    Plaintiff,              )
                             )
VS.                          )    No. 04-1173-T-An
                             )
CORRECTION CORPORATION       )
OF AMERICA, et al.,          )
                             )
    Defendants.             )

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

On September 1, 2004, an order was entered administratively closing this case as being duplicative of civil action number 04-1038. On September 20, 2004, Plaintiff filed a motion for relief from judgment [Docket # 5]. The motion is DENIED.

Fed. R. Civ. P. 60 (b) provides that the court may set aside a final judgment or order for reasons enumerated in six subsections of the rule. Rule 60 states, in part, that, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from final judgment, order, or proceedings for . . . (1) mistake, inadvertence, surprise, or excusable neglect." To establish eligibility for relief under Rule 60(b)(1), a moving party must show (1) the existence of mistake, inadvertence, surprise, or excusable neglect and (2) that he has a meritorious defense. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980). Other reasons to set aside an order or judgment under Rule 60(b) are:

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 5/9/05

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b)(6) is available as a ground for relief in exceptional circumstances and can only be relied upon in circumstances that are not covered by the first five subsections of Fed. R. Civ. P.60(b). Fuller v. Quire, 916 F.2d 358, 360 (6th Cir.1990). The moving party bears the burden of demonstrating that the facts fall under the provisions of Fed. R. Civ. P. 60(b). Smith v. Kincaid, 249 F.2d 243, 245 (6th Cir.1957).

Plaintiff has failed to assert any facts which would entitle him to relief under Rule 60(b). Therefore, the motion is DENIED.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

6 May 2005
DATE

2

Case 1:04-cv-01173-JDT-STA   Document 6   Filed 05/09/05   Page 3 of 3   PageID 15

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 1:04-CV-01173 was distributed by fax, mail, or direct printing on May 9, 2005 to the parties listed.

---

Raymond E. Clark
HCCF-WHITEVILLE
227052
P.O. Box 549
Whiteville, TN 38075--054

Honorable James Todd
US DISTRICT COURT